UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STERLING SAVINGS BANK, a Washington State Chartered Bank,<br><br>Plaintiff,<br><br>vs.<br><br>McCORMICK ENTERPRISES, INC., d/b/a WEST COAST CAR COMPANY, an Idaho Corporation, MICHAEL J. McCORMICK and MAGGIE J. McCORMICK, individually and the marital community comprised thereof,<br><br>Defendants. | NO. CV-09-84-JLQ<br><br>**ORDER DENYING REQUEST FOR DEFAULT JUDGMENT** |

On April 23, 2009, Plaintiff filed a "Motion for Order of Default Against All Defendants" (Ct. Rec. 28). On May 13, 2009, the Clerk of the Court entered an Order of Default (Ct. Rec. 33). To the extent the Plaintiff's motion also requests entry of default judgment (see Ct. Rec. 28 at 3), that portion of the motion is **DENIED** without prejudice.

There is no automatic right to default judgment. Obtaining a default judgment in federal court is a two-step process-(1) entry of default and (2) default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). After the entry of default has been entered by the clerk of court, the party seeking default may make a motion to the court requesting a judgment of default. Fed.R.Civ.P. 55(b).

Because none of the Defendants have appeared in this action, Plaintiffs could direct a motion for default judgment to the Clerk of the Court, however, such

ORDER - 1

application must be properly supported by an affidavit in compliance with Local Rule 55.1(b) and Fed.R.Civ.P 55(b)(1), including service on the Defendants.  The Affidavit of Steven J. Dixson (Ct. Rec. 29) does not suffice.

Moreover, if the motion is referred to the court for review (*see* L.R. 55.1(b)), the court may consider additional factors in deciding whether entry of a default judgment is appropriate.  These factors include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *McCool,* 782 F.2d at 1471.

Because Plaintiff's supporting documents do not adequately support entry of default judgment, the request for entry of default judgment in Plaintiff's "Motion for Order of Default" (Ct. Rec. 28) is **DENIED**.

**IT IS SO ORDERED.**  The Clerk of the Court shall enter this order and provide a copy to counsel.  Counsel for Plaintiff shall forthwith forward a copy to the Defendants and their attorney(s) by most expeditious means.

Dated June 11, 2009.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 2